MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANDRES ORTIZ GARCIA and
GUILLERMO RODRIGUEZ MARTINEZ ,
*individually and on behalf of others similarly*
*situated,*

                             *Plaintiffs,*

              -against-

DITMARS SQUARE INC. (d/b/a LAST STOP
CAFE) and MARINOS A.
CONSTANTINIDES

                         *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Andres Ortiz Garcia and  Guillermo Rodriguez Martinez , individually and on

behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Ditmars

Square Inc. (d/b/a Last Stop Cafe) ("Defendant Corporation") and Marinos A. Constantinides

allege as follows:

## **NATURE OF THE ACTION**

1.      Plaintiffs are former employees of defendants Ditmars Square Inc. (d/b/a Last

Stop Cafe), and Marinos A. Constantinides (collectively, "Defendants").

2.     Defendants own, operate, or control a Diner/pizzeria located at 22-35 31st Street, Astoria, New York 11105 under the name "Last Stop Cafe".

3.     Upon information and belief, individual defendant Marinos A. Constantinides serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.     Plaintiffs were employed as a grill man, pizza preparer, cook, waiter, dishwasher and ostensibly as a delivery worker.

5.     However, the delivery worker was required to spend a considerable part of his work day performing non-tipped, non-delivery duties including but not limited to, various non-tip duties such as washing dishes, pots and pans, sweeping and mopping the diner, refilling the refrigerators with sodas and other drinks, ordering merchandise for the restaurant, transporting and stocking all deliveries in the basement, transporting sodas and other drinks from the basement to the first floor and stocking them in the refrigerators, stocking frozen items into the freezer on the first floor, performing grill work, and making pizzas, hereafter the "non-tipped, non-delivery duties").

6.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8. Defendants employed and accounted for Plaintiff Rodriguez as a delivery worker in their payroll, but in actuality Plaintiff Rodriguez's duties required greater or equal time spent in non-tipped, non-delivery duties.

9. Regardless, at all times Defendants failed to pay Plaintiff Rodriguez at the required minimum wage rate.

10. In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Rodriguez's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day.  12 N.Y. C.R.R. §146.

11. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Rodriguez's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Rodriguez at the minimum wage rate.

12. In addition, Defendants maintained a policy and practice of unlawfully appropriating a percentage of Plaintiff Rodriguez's tips.

13. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor

Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage

orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit.

12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable

liquidated damages, interest, attorneys' fees and costs.

      16.     Plaintiffs seek certification of this action as a collective action on behalf of

themselves individually and all other similarly situated employees and former employees of

Defendants pursuant to 29 U.S.C. § 216(b).

<h3 align="center">JURISDICTION AND VENUE</h3>

      17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal

question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28

U.S.C. § 1367(a).

      18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a

substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a Diner/pizzeria located in this district. Further, Plaintiffs were employed by Defendants

in this district.

<h3 align="center">THE PARTIES</h3>

<em>Plaintiffs</em>

      19.     Plaintiff Andres Ortiz Garcia ("Plaintiff Ortiz" or "Mr. Ortiz") is an adult

individual residing in Bronx County, New York.  Plaintiff Ortiz was employed by Defendants

from approximately 2007 until on or about January 8, 2016.

- 4 -

20.    Plaintiff Guillermo Rodriguez Martinez ("Plaintiff Rodriguez" or "Mr. Rodriguez") is an adult individual residing in Queens County, New York.  Plaintiff Rodriguez was employed by Defendants from approximately 2004 until on or about January 8, 2016.

*Defendants*

21.    At all relevant times, Defendants owned, operated, or controlled a Diner/pizzeria located at 22-35 31st Street, Astoria, New York 11105under the name "Last Stop Cafe".

22.    Upon information and belief Ditmars Square Inc. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the State of New York.

23.    Upon information and belief, Ditmars Square Inc. had its principal place of business at 22-35 31st Street, Astoria, New York 11101.

24.    Defendant Marinos A. Constantinides is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

25.    Defendant Marinos A. Constantinides is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

26.    Defendant Marinos A. Constantinides possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate a Diner/pizzeria located in the Astoria section of Queens in New York City.

28.     The individual defendant, Marinos A. Constantinides possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32.     In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

33.     Upon information and belief, individual defendant Marinos A. Constantinides operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

- 6 -

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e.  operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation,

f.  intermingling assets and debts of his own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

35.     In each year from 2010 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the diner/pizzeria on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

37.     The Plaintiffs are former employees of the Defendants who were employed as a grill man, pizza preparer, cook, waiter, dishwasher and ostensibly as a delivery worker. However, the delivery worker spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

38.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Andres Ortiz Garcia*

39.     Plaintiff Ortiz was employed by Defendants from approximately 2007 until on or about January 8, 2016.

40.     At all times relevant to this Complaint, Mr. Ortiz was an employee of Defendants employed to work as a grill man, pizza preparer, cook and waiter .

41.     Mr. Ortiz's work duties required neither discretion nor independent judgment.

42.     Mr. Ortiz regularly handled goods in interstate commerce, such as fish, meats, vegetables, and other supplies produced outside of the State of New York.

43.     Throughout his employment with Defendants, Plaintiff Ortiz regularly worked in excess of 40 hours per week.

44.     From approximately January 2010 until on or about January 2011, Mr. Ortiz worked from approximately 3:00 a.m. until on or about 2:00 p.m. four days a week and from approximately 6:00 a.m. until on or about 3:00 p.m. two days a week (typically 60 hours per week).

45.     From approximately January 2011 until on or aboutAugust2014, Mr. Ortiz worked from approximately 7:00 a.m. until on or about 3:00 p.m. three days a week and from approximately 7:00 a.m. until on or about 7:00 p.m. three days a week (typically 60 hours per week).

46.     From approximately August  2014 until on or about January 8, 2016, Mr. Ortiz worked from approximately 8:00 a.m. until on or about 4:00 p.m. three days a week and from approximately 8:00 a.m. until on or about 7:00 p.m. three days a week (typically 57 hours per week).

47.     Throughout his employment with Defendants, Plaintiff Ortiz was paid $10 per hour in cash.

48.     Defendants never granted Plaintiff Ortiz any break or meal periods of any length.

49.     Mr. Ortiz was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

50.     Further, Defendants did not provide Mr. Ortiz with any document or other statement accurately accounting for all of his actual hours worked, or setting forth the rate of pay for all of his hours worked.

51.     Defendants did not provide Plaintiff Ortiz with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

52.     No notification, either in the form of posted notices or other means, was given to Plaintiff Ortiz regarding overtime and wages under the FLSA and NYLL.

53.     Defendants never provided Plaintiff Ortiz with a written notice, in English and in Spanish (Plaintiff Ortiz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Guillermo Rodriguez Martinez*

54.     Plaintiff Rodriguez was employed by Defendants from approximately 2004 until on or about January 8, 2016.

55.     Defendants ostensibly employed Plaintiff Rodriguez as a delivery worker.

56.     However, Plaintiff Rodriguez was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

57.     Although Plaintiff Rodriguez was ostensibly employed as a delivery worker, he spent at least half of his hours performing non-delivery work throughout his employment with Defendants.

58.     Plaintiff Rodriguez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

60.     Throughout his employment with Defendants, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

61.     From approximately January 2010 until on or about January 2011, Plaintiff Rodriguez worked from approximately 6:00 a.m. until on or about 3:00 p.m. Mondays through Saturdays (typically 54 hours per week).

- 10 -

62.   From approximately January 2011 until on or about August 2014, Plaintiff Rodriguez worked from approximately 7:00 a.m. until on or about 3:00 p.m. Mondays through Saturdays (typically 48 hours per week).

63.   From approximately August 2014 until January 8, 2016, Plaintiff Rodriguez worked from approximately 8:00 a.m. until on or about 3:00 p.m. Mondays through Sundays (typically 49 hours per week).

64.   Throughout his employment with defendants, Plaintiff Rodriguez was paid $6.00 per hour in cash.

65.   Defendants never granted Plaintiff Rodriguez any break or meal periods of any length.

66.   Plaintiff Rodriguez was never notified by Defendants that his tips were being included as an offset for wages.

67.   Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rodriguez's wages.

68.   Defendants withheld a portion of Plaintiff Rodriguez's tips; specifically, Defendants pocketed ten percent of all tips Plaintiff Rodriguez was paid on all delivery orders made through the internet.

69.   Plaintiff Rodriguez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

70.   Furthermore, Defendants did not provide Plaintiff Rodriguez with a statement of wages with each payment of wages, as required by NYLL 195(3).

- 11 -

71.    No notification, either in the form of posted notices or other means, was given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

72.    Defendants did not give any notice to Plaintiff Rodriguez, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

73.    Defendants required Plaintiff Rodriguez to purchase "tools of the trade" with his own funds—including two bicycles and a helmet.

*Defendants' General Employment Practices*

74.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

75.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

76.    Defendants required Plaintiff Rodriguez to perform general non-delivery, non-tipped restaurant tasks in addition to his primary duties as a delivery worker.

77.    Plaintiff Rodriguez was employed ostensibly as a tipped employee by Defendants, although his actual duties included greater or equal time spent performing non-tipped duties.

78.    Plaintiff Rodriguez was not paid at the minimum wage rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiff's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146.

79.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

80.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

81.     Plaintiff Rodriguez's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general diner/pizzeria work with duties including the non-tipped, non-delivery duties described above.

82.     In violation of federal and state law, as discussed above, Defendants classified Plaintiff Rodriguez as a tipped employee and they did not pay him at the required minimum wage rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

83.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Rodriguez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Rodriguez of a portion of the tips earned during the course of employment.

84.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Rodriguez, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

85.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

- 13 -

86.    Defendants failed to inform Plaintiff Rodriguez that his tips would be credited towards the payment of the minimum wage.

87.    At no time did Defendants inform Plaintiff Rodriguez that they had reduced his hourly wage by a tip allowance.

88.    Defendants failed to maintain a record of tips earned by Plaintiff Rodriguez for the deliveries he made to customers.

89.    All Plaintiffs were paid their wages entirely in cash.

90.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

91.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

92.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

93.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former grill man, pizza preparer, cook, waiter, s and delivery workers.

94.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

- 14 -

95.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

96.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

97.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

98.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

99.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

100.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

101.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

102.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

104.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

105.     Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

106. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

107. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

108. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

109. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111. Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

112. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

113. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

115. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

116.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

117.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

120.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

121.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

122.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of

- 18 -

the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

125.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

126.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

129.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

130.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

131.    With each payment of wages, Defendants failed to provide Plaintiffs with a

statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

132.   Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(VIOLATION OF THE TIP WITHHOLDING PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

133.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

134.   Defendants unlawfully and without permission from Plaintiffs misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiff Rodriguez.

135.   Defendants' action violated NYLL §196-d.

136.   Defendants are liable to Plaintiff Rodriguez in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

137.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

138.   Defendants required Plaintiff Rodriguez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

139.    Plaintiff Rodriguez was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper

deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that the Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime

- 22 -

compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 13, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Michael A. Faillace [MF-8436]
        60 East 42nd Street, suite 2020
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 11, 2016

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Andres Ordaz Garcia

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          11 de enero de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

January 11, 2016

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Guillermo Rodriguez Martinez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     11 de enero de 2016