UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANDRES ORTIZ GARCIA and GUILLERMO
RODRIGUEZ MARTINEZ, individually and on
behalf of all others similarly situated,

          Plaintiffs,

-against-

DITMARS SQUARE INC. d/b/a LAST STOP
CAFE and MARINOS A. CONSTANTINIDES,

          Defendants.
-----------------------------------------------------------------X

**ORDER**

16-CV-166 (NGG) (ST)

NICHOLAS G. GARAUFIS, United States District Judge.

On January 13, 2016, Plaintiffs Andres Ordaz Garcia ("Ordaz")[1] and Guillermo Rodriguez Martinez ("Rodriguez") initiated this action against their employers, Defendants Ditmars Square Inc. d/b/a Last Stop Cafe ("Ditmars Square") and Marinos A. Constantinides ("Constantinides"), alleging multiple violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), and the New York Labor Law (the "NYLL"). (Compl. (Dkt. 1).) Neither Defendant has appeared or answered, despite proper service, and so the Clerk of Court entered default against both Defendants. (Entry of Default re Ditmars Square (Dkt. 10); Entry of Default re Constantinides (Dkt. 16).) On July 29, 2016, Plaintiffs moved for default judgment against both Defendants on their FLSA and NYLL claims,[2] seeking unpaid wages, liquidated damages, prejudgment interest, attorneys' fees, and costs (the "Motion"). (Mot. for Default J.

---

[1] The docket and Complaint in this action incorrectly refer to this plaintiff as Andres "Ortiz" Garcia. Plaintiffs subsequently notified the court that the correct spelling is "Ordaz Garcia." (See Pls. Mem. in Supp. of Mot. for Default J. ("Mem.") (Dkt. 19) at 2 n.1.)

[2] This action was initially styled as a putative class action. (See Compl.). Plaintiffs now move for default judgment on their individual claims only. (See generally Mem. in Supp. of Mot. for Default J. (Dkt. 19).)

1

(Dkt. 18); see also Mem. in Supp. of Mot. for Default J. ("Mem.") (Dkt. 19) at 2.) The court referred the Motion to Magistrate Judge Steven L. Tiscione[3] for a Report & Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1).

On March 10, 2017, Judge Tiscione issued an R&R recommending that the Motion be granted. (R&R (Dkt. 24).) With regard to liability, Judge Tiscione recommended that Defendants be held jointly and severally liable for: failing to pay Rodriguez the minimum wage under the FLSA and the NYLL; failing to pay both Plaintiffs the overtime compensation they were owed under the FLSA and the NYLL; failing to pay Ordaz spread-of-hours payments under the NYLL; misappropriating Rodriguez's tips in violation of the FLSA and the NYLL; and failing to provide both Plaintiffs with written notice and wage statements, as required under the NYLL. (Id. at 10-17.) Judge Tiscione recommended against finding Defendants liable for Plaintiff's claims of failure to reimburse for "tools of the trade" under the FLSA and the NYLL. (Id. at 15-16.)

Judge Tiscione recommended that damages be awarded as follows: $71,987.63 in damages to Ordaz, plus prejudgment interest; $73,280.06 in damages to Rodriguez, plus prejudgment interest; $4,260.00 in attorneys' fees; and $700.00 in costs and disbursements. (Id. at 2; see also id. at 17-32.) Prejudgment interest is to be calculated at a rate of 9% per annum from January 11, 2013. (Id. at 20-21 (citing N.Y. C.P.L.R. 5001, 5004, and applicable case law).)

No party has objected to Judge Tiscione's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also Apr. 6, 2017, Order; Pl. Apr. 6, 2017, Aff. of Serv. (Dkt. 28).) Therefore, the court reviews the R&R for clear error. See Colon v. Sheahan, No. 13-CV-6744

---

[3] The Motion was initially referred to Magistrate Judge Marilyn D. Go (see Aug. 23, 2016, Order Ref'ing Mot.), but was subsequently reassigned to Judge Tiscione (see Nov. 28, 2016, ECF Entry).

2

(PAC) (JCF), 2016 WL 3926443, at *3 (S.D.N.Y. July 14, 2016); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order); cf. 28 U.S.C. § 636(b)(1).

The court finds no clear error, and therefore ADOPTS IN FULL Judge Tiscione's R&R. Accordingly, the court GRANTS Plaintiffs' Motion for Default Judgment (Dkt. 18) and finds Defendants JOINTLY AND SEVERALLY LIABLE for Plaintiffs' claims under the FLSA and the NYLL, as described above. The court AWARDS damages, fees, and costs as follows:

- Plaintiff Andres Ordaz Garcia is awarded $71,987.63 in damages, plus prejudgment interest at 9% per annum from January 11, 2013;
- Plaintiff Guillermo Rodriguez Martinez is awarded $73,280.06 in damages, plus prejudgment interest at 9% per annum from January 11, 2013;
- Plaintiffs are awarded $4,260.00 in attorneys' fees; and
- Plaintiffs are awarded $700.00 in costs and disbursements.

SO ORDERED.

Dated: Brooklyn, New York
May _/_, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge